Date signed September 11, 2009



JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| DENISE A. CIOTTI, | * | Case No. 07-13229-JS |
| Debtor | * | Chapter 7 |
| * * * * * * | * * * * * * | |
| DENISE A. CIOTTI, | * | |
| Plaintiff | * | |
| v. | * | Adv. Proc. No. 09-0116-JS |
| PETER FRANCHOT, in his capacity as Comptroller of Maryland, | * | |
| | * | |
| Defendant | * | |

* * * * * * * * * * * * *

*MEMORANDUM OPINION GRANTING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS AND
DECLARING DEBT TO BE DISCHARGEABLE*

Before the Court is the motion for judgment on the pleadings filed by the plaintiff, Denise Ciotti ("Ciotti"), by which she seeks a ruling that certain tax debt owed to the State of Maryland for the years 1992 through 1996 has been discharged in bankruptcy, and the opposition filed by the Comptroller of the Treasury of the State of Maryland (the "Comptroller").  For the reasons stated, the plaintiff's motion will be granted.

*FINDINGS OF FACT*

1.  Ciotti did not file tax returns with the State of Maryland between the years 1992 through 1996.  In 1996, she and her husband filed joint tax returns for all of those years.

2.  The Internal Revenue Service ("IRS") subsequently audited Ciotti and her husband, resulting in an increase in the amount of their taxable income.  The IRS sent a determination letter to Ciotti, but she did not forward the letter to the State of Maryland, as required by Md. Tax-General Code Ann. § 13-409.[1]

---

[1] Section 13-409 of the Tax General Article of the Annotated Code of Maryland provides as follows:

> **§ 13-409.  Assessment when federal adjustment made.**
>
> (a) *In general.* – If the Internal Revenue Service issues a final determination that increases federal taxable income, federal estate, or federal generation-skipping transfer tax reported on a federal return, the tax collector shall assess the financial institution franchise tax, public

3. The IRS notified the State of Maryland of the audit. The State adjusted its calculation of the debtor's taxes due in 1992 through 1996, thereby increasing her tax liability by approximately $200,000.

4. In February 2006, the State of Maryland filed a tax lien in the amount of $571,000 against Ciotti and her husband.

5. On April 9, 2007, Ciotti filed the instant Chapter 7 bankruptcy petition in this Court. Her schedules listed the State of Maryland as a secured creditor holding a claim in the amount of $629,000; as a priority, unsecured creditor in the amount of

---

>   service company franchise tax, income tax, Maryland estate tax, or Maryland generation-skipping transfer tax on the increase in the taxable net earnings, gross receipts, Maryland taxable income, federal credit for State death tax, or federal credit for State generation-skipping transfer tax that results from the federal adjustment.
>
>   (b) *Report required.* – Within 90 days after the Internal Revenue Service issues to a person the final determination to which subsection (a) of this section refers, the person shall submit to the tax collector a report of federal adjustment that includes:
>
>   (1) a statement of the amount of the increase; and
>
>   (2) if the person contends that the final federal determination is erroneous, an explanation of the reasons for the contention.
>
> Md. Tax-Gen. Code Ann. § 13-409. Ciotti claimed that she did not receive the determination letter because her husband handled her finances and that, at all relevant times, she was a housewife without personal income. Her assertion of the "innocent spouse defense" was denied by the State of Maryland prior to her filing the instant bankruptcy case.

$7,100 (for taxes owed for the years 2004 through 2006); and as a general, unsecured creditor in the amount of $1,668 (for taxes owed for the year 2000). Her schedules also listed the IRS as a secured creditor holding a claim in the approximate amount of $1.88 million. The IRS has not contested that its claim for unpaid taxes for the years 1992 through 1996 is dischargeable.

6.  On August 22, 2007, Ciotti was granted a discharge in bankruptcy. On August 31, 2007, her bankruptcy case was closed as a no-asset case.

7.  On February 27, 2008, after Ciotti received her bankruptcy discharge, the State of Maryland applied to seize $629,000 from her bank account. The bank account contained far less. The State applied the seized funds toward tax debt which the debtor does not dispute is nondischargeable.

8.  On February 5, 2009, Ciotti filed a motion [P. 34] to reopen her Chapter 7 case in order to obtain a declaratory judgment that certain taxes owed to the State of Maryland were discharged and to pursue an action for damages against the State for violating the discharge injunction. The motion to reopen was granted by order [P. 35] entered February 9, 2009.

9.  On February 24, 2009, Ciotti filed the instant complaint. On March 27, 2009, the State Comptroller filed an answer [P. 4]. On May 15, 2009, Ciotti filed the instant motion for judgment on the pleadings [P. 9], to which the Comptroller filed a

response on May 29, 2009. On August 3, 2009, a hearing was held on the motion and the matter was taken under advisement.

## *CONCLUSIONS OF LAW*

1. This complaint to determine the dischargeability of debt and to enforce the discharge is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. Venue is appropriate pursuant to 28 U.S.C. § 1409.

2. Federal Rule of Civil Procedure 12(c), made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012, provides as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed R. Civ. Proc. 12(c). "A motion under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12." *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993). "In addressing a motion for judgment on the pleadings, the Court may consider only those matters presented in the pleadings, the well-pleaded allegations of which are to be taken as true." *Bane v. Vogel (In re Bane)*,

228 B.R. 835, 838 (Bankr. W.D. Va. 1998) (citing *Caez v. Jacob (In re Jacob),* 1998 WL 150493, at *1 (Bankr. N.D. Ill. 1998).

    3.  Prior to October 17, 2005, 11 U.S.C. § 523(a)(1) provided:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— (1) for a tax or a customs duty – (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed; (B) with respect to which a return, if required (i) was not filed (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1).

    4.  On October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005) ("BAPCPA") became effective.  Currently, Section 523(a)(1) provides:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt– (1) for a tax or a customs duty-- (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed; (B) with respect to which a return, *or equivalent report or notice*, if required-- (i) was not filed *or given*; or (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax...

11 U.S.C. § 523(a)(1) (2009) (emphasis added to highlight pertinent changes).

5. The sole basis for the Comptroller's assertion that the debt is nondischargeable is Section 523(a)(1)(B)(i); namely that a "return or equivalent report or notice" was "not filed or given." The debt is old enough that neither Section 523(a)(1)(A) nor Section 523(a)(1)(B)(ii) applies. There is no allegation of fraud or willful tax evasion which might trigger nondischargeability under Section 523(a)(1)(C). Furthermore, there is no allegation that the debtor's Maryland tax returns were filed so late that they did not meet the minimum standards for returns.[2]

6. Prior to BAPCPA, several courts addressed the issue of whether Section 523(a)(1)(B)(i) prevented the discharge of state taxes owed when a debtor did not comply with a state law duty to report to the state tax agencies that there had been an IRS audit that found additional taxable income. Generally, those courts held debts

---

[2]*See Moroney v. IRS (In re Moroney)*, 352 F.3d 902, 905 (4th Cir. 2003) (finding debtor's IRS tax returns filed unjustifiably late not to meet the definition of return).

dischargeable when a state only required the filing of a report,[3] but held such debts nondischargeable when the state required the filing of an amended state tax return.[4]

7. Because Maryland only requires the filing of a "report of federal adjustment," pre-BAPCPA cases law would determine the debt to be dischargeable.

8. The question before this Court is whether the additional phrase, "or equivalent report or notice," that BAPCPA added to Section 523(a)(1) expanded the category of nondischargeable debt to include tax debts owed to states when the debtor

---

[3] *See In re Dahmer*, 336 B.R. 784, 789 (Bankr. W.D. Mo. 2006) (pre-BAPCPA case decided after BAPCPA's enactment holding that "[b]ecause... the phrase "shall report" contained in Mo. Ann. Stat. § 143.601 is not the equivalent of a requirement to file an amended tax return, Plaintiffs did not fail to file a required return under § 523(a)(1)(B)(i) and therefore their debt to the MDOR for the 1987 tax year is dischargeable pursuant to § 523(a)(1)."); *Blackwell v. Virginia (In re Blackwell)*, 115 B.R. 86 (Bankr. W.D. Va. 1990) (Virginia law did not require filing of amended tax returns and thus debt is dischargeable); *Calif. Franchise Tax Bd. v. Jerauld (In re Jerauld)*, 208 B.R. 183, 187 (BAP 9th Cir. 1997) ("where the filing of an amended return is not the only way under the statute to notify the state taxing authority, the state cannot be said to have required the filing of an amended return" and the debt is dischargeable); *IRS v. Olson (In re Olson)*, 174 B.R. 543 (Bankr. D. N.D. 1994) (debtor could obtain discharge because North Dakota tax law did not require filing of amended returns); *but see Blutter v. IRS (In re Blutter)*, 177 B.R. 209, 211-12 (Bankr. S.D. N.Y. 1995) (failure to file report to state of IRS deficiency assessment against taxpayer constituted failure to timely file return).

[4] See *Jones v. Georgia Dep't of Revenue (In re Jones)*, 158 B.R. 535, 537 (Bankr. N.D. Ga.1993) ("plaintiff's tax liability is nondischargeable if he did not file a required return with the State of Georgia after the IRS reassessed his federal adjusted gross income..."); *Haywood v. Illinois (In re Haywood)*, 62 B.R. 482, 485 (Bankr. N.D. Ill. 1986) ("if debtor did not file the amended tax returns.. the taxes due are non-dischargeable under 11 U.S.C. § 523(a)(1)(B)(i).").

did not comply with a state law duty to file with the state taxing authority a report of an IRS audit.

9. There is no post-BAPCPA opinion on point. The sole opinion that has addressed the issue is *Shorton v. Mass. (In re Shorton)*, 375 B.R. 26, 31 (Bankr. D. Mass. 2007). In that case, however, the Court found tax debt nondischargeable because Massachusetts state tax law required the filing of an amended return.

10. To determine whether a "report" is equivalent to a "return," it is necessary to understand what a return is. The word "return" is not defined by either the Bankruptcy Code or the Internal Revenue Code. In the absence of a statutory definition, most courts have adopted the following test:

> . . . [I]n order for a document to be considered a 'return,' under either the bankruptcy or the tax laws, it must: (1) purport to be a return; (2) be executed under penalty of perjury; (3) contain sufficient data to allow calculation of tax; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax law.

*Moroney v. IRS (In re Moroney)*, 352 F.3d 902, 905 (4th Cir. 2003) (citing *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1033 (6th Cir. 1999) (internal quotations omitted)).[5]

---

[5] This test was originally developed by a Tax Court, *See Beard v. Commissioner*, 82 T.C. 766, (1984), *aff'd*, 793 F.2d 139 (6th Cir.1986), which combined the holdings of two Supreme Court decisions, *Germantown Trust Co. v. Commissioner*, 309 U.S. 304, 60 S.Ct. 566, 84 L. Ed. 770 (1940), and *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 55 S.Ct. 127, 79 L. Ed. 264 (1934), in order to arrive at its definition of the

11. The "report of federal adjustment" required by Section 13-409 is not the equivalent of a return. Section 13-409 does not require any statement under penalty of perjury and could be satisfied by the filing an unsigned letter.[6]

12. Furthermore, Section 13-409 does not require a letter providing "sufficient data to allow calculation of tax." The letter need only inform the Comptroller of the amount by which the IRS has determined there to be a higher taxable income than that claimed by the debtors in their federal tax returns. Taxable income is only one component of calculating taxes owed. It is insufficient by itself to allow the Comptroller to calculate the Ciottis' state taxes.

---

word "return." This definition has been widely followed. *See Billman v. IRS (In re Billman)*, 221 B.R. 281, 282 (Bankr. S.D. Fla.1998); *Pierchoski v. IRS (In re Pierchoski)*, 220 B.R. 20, 24-25 (Bankr. W.D. Pa.1998); *McGrath v. United States (In re McGrath)*, 217 B.R. 389, 392 (Bankr. N.D.N.Y.1997); *see also* Brian Power, Note, *The Courts, Congress, and Tax Debts: An Analysis of the Discharge of Tax Debts Before and After the Enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, 12 Fordham J. Corp. & Fin. L. 881, 888-89 (discussing different Bankruptcy Courts' definitions of the word "return").

[6] In the sole Maryland case to discuss Section 13-409, *Brown v. Comptroller of the Treasury*, 747 A.2d 232, 238, 130 Md. App. 526, 537 (2000), the taxpayer sent a letter to the Comptroller 92 days after receiving a notice of federal adjustment, which was outside the 90-day window allowed by Section 13-409(b). *Id.*, at 238. The court did not rule on the sufficiency of the form of the letter, stating only "... even if this letter, either standing alone or in combination with the Comptroller's notification of the adjustment by the IRS, could have satisfied TG § 13-1101(c)'s reporting requirement, it was not filed within the prescribed time." *Id.* (Section 13-1101(c)'s reporting requirement is the same as Section 13-409). The court also held that the letter was insufficient because it did not inform the Comptroller of the amount of and basis for the IRS adjustment. *Id.* at 239.

13. Although such determination was not required by the pre-BAPCPA Code, most pre-BAPCPA cases found that a state law duty to file a report of a federal adjustment to taxable income was not the equivalent of a duty to file an amended return. *See Dahmer*, 336 B.R. at 789 (Bankr. W.D. Mo. 2006) (pre-BAPCPA case decided after BAPCPA's enactment holding that "...the phrase 'shall report'... is not the equivalent of a requirement to file an amended tax return, Plaintiffs did not fail to file a required return under § 523(a)(1)(B)(i) and therefore their debt...is dischargeable pursuant to § 523(a)(1)."); *Blackwell,* 115 B.R. at 88 ("The Tax Department contends without case or statutory authority in support thereof, that the term 'report' is equivalent to filing an amended return; and the Court, through independent research, finds no case law in support of this proposition or interpretation."); *Calif. Franchise Tax Bd. v. Jerauld (In re Jerauld)*, 208 B.R. 183 (BAP 9th Cir. 1997) ("where the statute calls for notification of a change by filing a report, this is not the equivalent of requiring an amended return"); *but see Blutter v. IRS (In re Blutter)*, 177 B.R. 209 (Bankr. S.D. N.Y. 1995).

14. The report issued by the House of Representatives while deliberating on BAPCPA contained the following explanation for the changes to Section 523(a)(1):

> Sec. 714. Income Tax Returns Prepared by Tax Authorities. Section 714 of the Act amends section 523(a) of the Bankruptcy Code to provide that a return prepared pursuant to section 6020(a) of the Internal Revenue Code, or similar State or local law, constitutes filing a

return (and the debt can be discharged), but that a return filed on behalf of a taxpayer pursuant to section 6020(b) of the Internal Revenue Code, or similar State or local law, does not constitute filing a return (and the debt cannot be discharged)."

H.R. Rep No. 109-31, 109th Cong., 1st Sess. at 103, *reprinted in* 2005 U.S.C.C.A.N. 88, 167.

    15. Section 6020 of the Internal Revenue Code provides:

> (a) Preparation of return by Secretary.– If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.
>
> (b) Execution of return by Secretary.–
>
>     (1) Authority of Secretary to execute return.– If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
>
>     (2) Status of returns.– Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

26 U.S.C. § 6020.[7]

---

[7] For a detailed discussion concerning the means of determining if the IRS prepared a return under section 6020(a) or 6020(b), *see generally In re Driscoll*, 379 B.R. 415 (Bankr. D. Conn. 2008).

16. The House report demonstrates that Congress amended the Bankruptcy Code to narrow Section 523(a)(1), not expand it.  By allowing the discharge of debt where the debtor did not file a return but satisfied Section 6020(a) of the Internal Revenue Code, Congress sought to provide for the discharge of debts where the debtor did everything possible to let the IRS determine the tax debt short of filing a return.  Congress did not seek to create a new class of documents that debtors had to file in order to obtain a discharge and this Court will not create one.

17. Here, the debtors filed state tax returns and therefore satisfied the disjunctive requirement of Section 523(a)(1) that they file a "return, or equivalent report or notice."

18. Therefore, the debt is dischargeable.

WHEREFORE, taxes alleged to be owed to the Comptroller of the Treasury of the State of Maryland for the years 1992 through 1996 are dischargeable pursuant to 11 U.S.C. § 727, and no exception under 11 U.S.C. § 523 is found to apply.

***ORDER ACCORDINGLY.***

cc:  Ms. Denise A. Ciotti
9910 Fragrant Lilies Way
Laurel, Maryland  20723
Plaintiff

Daniel M. Press, Esquire
Chung & Press, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia  22101
Counsel to Plaintiff

The Honorable Peter Franchot
Comptroller of the State of Maryland
Louis L. Goldstein Treasury Building
80 Calvert Street
P.O. Box 466
Annapolis, Maryland  21404
Defendant

Kimberly Stephens, Esquire
Office of the Comptroller of the Treasury of the State of Maryland
301 West Preston Street
Room 410
Baltimore, Maryland  21201

Office of the United States Trustee
2625 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201